**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHANE ADAIR VICARS,

   Petitioner-Appellant,

 v.

RALPH M. DIAZ, Acting Secretary for
the California Department of Corrections
and Rehabilitation, Secretary, California
Department of Corrections and
Rehabilitation,

   Respondent-Appellee.

No. 20-17086

D.C. No.
2:18-cv-03016-KJM-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted September 13, 2021[**]
San Francisco, California

Before: WALLACE, SCHROEDER, and FORREST, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Shane Vicars, a California state prisoner, appeals from the district court's denial of his 28 U.S.C. section 2254 habeas corpus petition challenging his conviction on 13 counts of child molestation. He received a sentence of 26 years. The district court issued a certificate of appealability on one claim of ineffective assistance of counsel.

Vicars' first trial ended in a hung jury, after Vicars raised a peer contamination theory to defend against the charge he had molested five victims. His counsel attempted to undermine the testimony of two of those victims by arguing that one of the victims had reason to initiate a rumor campaign against Vicars and that the charges were the product of peer contamination.

Vicars now argues that his new counsel in the second trial should have investigated and raised the same defense. In the second trial, however, Vicars was charged with molesting only two victims, neither of whom had reason to begin a rumor campaign. Raising this defense in the second trial would have necessitated calling an additional victim as a witness, thereby introducing potentially harmful evidence of additional child molestation. The state court, therefore, held counsel was not ineffective because counsel prepared extensively before making a reasonable tactical decision. Counsel was not ineffective under the applicable standards of *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The district court correctly ruled that the state court's conclusion was not an unreasonable application of federal law or an unreasonable determination of fact as required for granting habeas relief under federal law. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**